By the Court,
Wood, Judge.
The first objection raised by defend•ant’s counsel, is not without apparent plausibility to sustain it, as an •objection to the confirmation of sale, viz. that the execution issued for too large a sum. One hundred and fifty dollars was decreed to be paid on the 1st of September, and seventy-five dollars every three months thereafter. As these distinct sums fall due at different periods, •it is urged that a separate execution ought to issue for each. We think execution might issue upon each instalment as it became due ; but as the decree is an entire thing, though to be performed by the payment of periodical instalments, if the complainant sees fit to wait until a number of these instalments fall due, we see no substantial reason against including whatever may be due at the time of issuing the writ in the same execution. Such a course is for the defendant’s benefit, and he ought not to set it up as an objection. It saves him the expanse of several writs and returns. The proceeding is similar to that of a judgment at law for debt, damages, penalty and costs; they constitute but one judgment, though consisting of distinct items. So if a party is orderfed to pay costs of several continuances, it is the general practice to include all of them in one execution, under the •denomination of costs, in case they accrued in the same cause.
The second point raised by counsel, that alimony can only exist while the relation of husband and wife continues, has no foundation on which to rest, and as Lord Holt once said, he must be a bold man who ventures on such an assumption. It is certainly opposed to the long continued and well settled practice of this court. The authority to grant alimony in this state, is derived from the 5th and 7th sections of the *act concerning divorce and alimony, 29 O. L. 432. The fifth section provides, that where a divorce shall be decreed in case of the aggression of the husband, the woman shall be restored to all her lands and tenements, and be allowed out of her husband’s real and personal estate, such share as the court shall think reasonable. Here *38 is power conferred upon the court to dissolve the marriage contract, and allow such amount to the wife, as in its discretion may be thought' just. Such allowance, it is true, is not in this place called alimony, but it is clearly intended such. But it is said this alimony must be allowed in gross, and can not be made payable in instalments. The answer to this is, the statute is silent on that subject, and therefore, like the amount to be allowed, is left to the discretion of the court. The practice has been so to decree. Besides, this objection is not so much to the sale, as to the supposed irregularity of the decree, and it is well settled, that errors in a decree can not be reached and corrected in this collateral way. A sale under a judgment or decree, which is merely erroneous, not void, is valid, and will pass a good title to the purchaser. There is nothing in the objection, that the decree in this-ease was void, because the court had jurisdiction of the subject matter in controversy, and of the parties. In such cases, judgments or decrees are valid, although they may be held very erroneous.
As to the objection, that the clerk’s proceedings in issuing the execution, are irregular, and that there is no decree to warrant the execution, the answer is simply, non constat.
It is also objected that there is no appraisement returned with the writ, nor statement in the return that the lot was appraised by three disinterested freeholders. The return is in these words, “ I have duly appraised, advertised, and offered for sale.” Now if the sheriff has duly appraised, he has done so by the oath of three freeholders; and the presumption is that the appraisal has been returned, because the-law requires it of the officer, and in the absence of anything to ■ the contrary he will be presumed to have done his duty.
We intend in this case to be understood as deciding, 1. That in a decree dissolving the bonds of matrimony, a gross sum, may be allowed as alimony, and be ordered to be paid in gross or in instalments, in the-discretion of the court. 2. That such decree may be enforced by execution issued for each instalment as it becomes due, or by one for all the instalments due at the time it is issued. 3. That after sale on such execution, an objection that the decree for alimony is erroneous if not void, will not be listened to.
The motion is overruled, and the sale confirmed;